SARTAIN, Judge.
This is a suit for the partition of assets formerly belonging to the community of acquets and gains existing between the parties. Judgment in the district court was rendered decreeing that a sum of money obtained after a judgment of divorce but in settlement for personal injuries sustained by the husband during the existence of his marriage to and while living with the plaintiff was community property and that the plaintiff was entitled to one-half thereof less certain expenses. Defendant appeals from this judgment and for reasons hereinafter set forth we are of the opinion that the judgment should be set aside and this matter remanded for further proceedings.
The pertinent facts contained in the record in this case and upon which the trial judge made his decision are not in dispute as they were entered by stipulation. Plaintiff and defendant were married on February 26, 1958 and continued to reside together until plaintiff departed the matrimonial domicile on April 5, 1967. She instituted suit against the defendant on April 26, 1967 for a judgment of separation from bed and board on the grounds of cruelty. Defendant reconvened for a divorce on the grounds of adultery. On September 5, 1967 defendant obtained a judgment of divorce under the reconven-tional demand and custody of the three minor children issue of the marriage. On June 11, 1966 during the course and scope of defendant’s employment with the Illinois Central Railroad, he sustained serious bodily injuries. Suits on his behalf were instituted in the State and Federal courts.
On July 17, 1967 in the separation suit, plaintiff filed a motion alleging that defendant’s claim for personal injuries be *32 longed to the community of acquets and gains that existed between them and that she had been informed and therefore believed that defendant was negotiating and in the process of settling his claim and that, accordingly, she was entitled to the issuance of a restraining order and ultimately a preliminary injunction restraining and prohibiting the defendant and the alleged tort-feasors from alienating or encumbering or disposing of the cause of action vested in defendant for such personal injuries. On June 24, 1967 preliminary injunctions issued directed to the defendant and the Illinois Central Railroad, Delta Concrete Products, Inc. and Continental Casualty Company prohibiting the said respondents from in any way disposing of or alienating or encumbering defendant’s claim for personal injuries.
On September 9, 1967 four days after the judgment of divorce defendant’s claim was compromised for the sum of $211,000.-00, plus $34,658.83 representing medical expenses and other funds previously advanced.
In compliance with the preliminary injunction previously issued the settlement was entered into jointly between plaintiff and defendant as claimants and Illinois Central Railroad, Delta Concrete Products, Inc. and Continental Casualty as defendants. Contribution to the settlement was itemized as follows: $122,829.42 by the Illinois Central Railroad, $22,829.48 by Delta Concrete Products, Inc. and $100,000.00 by Continental Casualty Company.
Inasmuch as there existed a dispute between plaintiff and defendant as to whether or not these funds comprised a part of the community of acquets and gains that previously existed between them certain portions thereof were placed in escrow pending the outcome of this suit for partition.
Plaintiff relies on Article 2334 of the Civil Code which provides as follows:
“The property of married persons is divided into separate and common property. Separate property is that which either party brings into the marriage, or acquires during the marriage with separate funds, or by inheritance, or by donation made to him or her particularly.
The earnings of the wife when living separate and apart from her husband although not separated by judgment of court, her earnings when carrying on a business, trade, occupation or industry separate from her husband, actions for damages resulting from offenses and quasi offenses and the property purchased with all funds derived, are her separate property.
Actions for damages resulting from offenses and quasi offenses suffered by the husband, living separate and apart from his wife, by reason of fault on her part, sufficient for separation or divorce shall be his separate property. * * * ”
(Emphasis ours) ; and the case of Talley v. Employers Mutual Liability Insurance Co., 181 So.2d 784 (4th La.App., 1966) which supports the article by declaring that funds resulting from offenses and quasi-offenses suffered by the husband fall into the community of acquets and gains unless at the time of the cause of action he was living separate and apart from his wife by reason of fault on her part sufficient for a separation or divorce.
Defendant urges reversal of the judgment of the district court for multiple reasons. First, defendant contends that the cause of action, under which the compromise settlement was made, was based solely on Title 45, § 51 et seq., United States Code, which reads as follows:
“Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in *33 damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee’s parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reáson of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.
Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter. Apr. 22, 1908, c. 149, § 1, 35 Stat. 65; Aug. 11, 1939, c. 685, § 1, 53 Stat. 1404.”
This section, of course, has to do with the liability of common carriers engaged in interstate commerce for negligent injuries occasioned to their employees. Defendant interprets the statute as vesting the cause of action entirely in the person who has sustained the injuries and thus contends that its clear import is to make any settlement thereunder the separate property of such person, C.C. Article 2334 notwithstanding. Appellant has cited numerous cases under this section which clearly evidences a distinction between the rights accorded thereunder to (1) an individual receiving personal injuries, or in case of death to (2) his personal representative for the benefit of the surviving widow or husband and children of such employee, and, (3) if none exist then to the rest of kin dependent upon such employee. We do not consider the cases cited controlling in the instant controversy because none deal with the question of whether or not funds derived in settlement for personal injuries had any application to community, property provisions.
Secondly, defendant contends that to permit a former wife of an injured claimant to assert a community property interest (under state law) where such compromise is the result of a Federal statute is viola-tive of Article 6, § 2 of the Constitution of the United States and is an unconstitutional application of a state law.
Thirdly, and in the alternative, defendant contends that Article 2334 of the Civil Code is an unconstitutional infringement upon the United States Constitution, Amendment 14, § 1 (Equal Protection) in that the said article provides that the damages sustained by the husband fall into the community unless he is living separate and apart from his wife through her fault, whereas, under Article 2402[1] damages resulting from personal injuries sustained by the wife under all circumstances constitute her separate property, thus creating an arbitrary and unreasonable discrimination against the husband.
Lastly, defendant submits that this matter should be remanded in order to provide a full and complete partition of the community. The premise for this argument is that plaintiff’s petition for a partition alleged that in addition to defendant’s claim against his employer for damages there were other assets of the community which were not considered by the trial judge and therefore were not a part of the judgment rendered herein thus leaving a portion of the community assets undivided.
*34 The trial judge correctly determined that the Federal statute under which this claim was settled (Federal Employers’ Liability Act), while granting on behalf of certain designated individuals a cause of action and survival benefits, has nothing to do with the classification of the funds received for the negligent injury of an employee covered by the Act. In Succession of Scott, 231 La. 381, 91 So.2d 574 (1956), our Supreme Court held that disability payments made to the decedent pursuant to the provisions of World War I Veterans Act, 1924, 38 U.S.C.A. § 21 et seq., were not considered as gratuities and therefore constituted assets of the community that formerly existed between decedent and his wife.
Defendant’s argument that Articles 2334 and 2402 of the Civil Code are violative of Article 6, § 2 and Amendment 14 § 1 of the United States Constitution is in our opinion without merit. While we concede to defendant that the constitutionality of these articles has never heretofore been raised, we find that it is clearly within the ambit of authority granted to a state to prescribe laws governing its citizens relative to their respective estates, inheritance, and the establishment and the guidelines for a marital regime of its citizens.
We are mindful of the fact that the disparity of treatment between husband and wife with respect to the status for funds received for personal injury has been criticized on numerous occasions. The late Dr. Harriet S. Daggett in “The Community Property System of Louisiana” commented that the rights of spouses were not in balance and suggested that it was not in the best interest of society or the family for the claims to be treated separately.. 11 L.L.R. 575 at 582; 10 T.L.R. 589 at 591. See also 11 T.L.R. 649 which recites briefly but concisely the various changes in C.C. Articles 2402 and 2334 commencing with Act No. 68 of 1902 through Act No. 186 of 1920. Prior to Act of 1902 damages for personal injuries to the wife were considered as accruing to the community of acquets and gains. Since that time they have remained her separate property regardless of whether she was living with her husband or not. Prior to Act of 1920 damages sustained by the husband remained community assets, following the Act they became his separate property only in the event he and his wife were residing separate and apart for cause based on her fault.
We do not deem it necessary to comment further on the so-called “imbalance” of the rights of the 'husband and wife with respect to damages except to say that C.C. Article 2334 is the source article qn the subject with respect to the husband’s rights and this article is clear, unambiguous and represents the solemn expression of the Legislative will. It has been called to our attention by counsel for appellant that Louisiana is the only one of the seven community property states which treats damages sustained by the spouses differently and asks “Would it not be far more just and consistent to simply declare actions for damages suffered by either party their separate property in all classes ?” It would be rank legislation on our part to accede to this request by appellant. Undoubtedly in 1902 the amendment to Article 2402 had for its purpose the creation of additional rights that social conditions of the time dictated. This was the commencement of an era involving the civil “emancipation” of married women. The amendment to C.C. Article 2334 in 1920 was a move to grant to the husband also an additional but limited right.
However, our appreciation of C.C. Article 2334, in the light of the particular facts of this case, does not dictate such a harsh and inequitable result as would follow the judgment now appealed. The particular facts that govern our decision are that while the action for damages arose during the existence of the community, no damages were compensated for until after its dissolution. Under these facts, plaintiff is entitled to share in the damages to the extent that such damages may have accrued during the community regime. Plaintiff is not entitled to participate in that portion *35 of the settlement that compensates defendant for damages accruing after the dissolution of the community regime.
The settlement, with the exception of some $34,658.83, was not itemized. The balance of the settlement of $211,000.00 is of such magnitude that it clearly indicates to us that it was not only for personal pain and suffering but must have included recovery for future disability, medical expenses and future loss of earnings. We believe that justice dictates that the matter be remanded to the trial court for the purpose of taking testimony relative to the nature of the injuries (personal and special) sustained by defendant so as to determine the basis for the compromise and to allocate amounts to such items as may have been included in the settlement.
The only case that has been called to our attention and one which we think includes facts apposite to those of the case at bar is Talley v. Employers Mutual Liability Insurance Co., supra. In Talley, the husband instituted suit for personal injuries that arose out of an accident which occurred during the existence of his marriage. His divorced wife intervened claiming a community interest in the award. The court ruled that the award of $15,000.00 for plaintiff’s physical injuries together with $7,373.30 for special damages which accrued during the existence of the community was an asset of the community in which his divorced wife had an interest. The court also affirmed an award of $10,-000.00 made individually to the husband for permanent injuries.
It would be premature at this time to set any hard and fast rule to govern the district judge. However, by way of suggestion and not limitation we believe that testimony of the interested parties to the settlement will afford some reasonable basis to allocate what portion thereof was attributed to pain and suffering, disability, loss of earnings, and medical expenses up to the date defendant filed a reconventional demand for a divorce and what constituted subsequent pain and suffering, future and permanent disabilities, and future loss of earnings. The former group of compensa-ble items would fall into the community, the latter group would not.
We also note that other assets of the community were not partitioned and this matter should also be directed to the attention of the trial judge and all assets and liabilities of the community be accounted for and a proper partition made thereof.
The remaining issue involves a question of attorneys’ fees. At the time defendant was injured his wife engaged the services of his present attorneys on a contingency fee basis of one-fourth of the amount of recovery. Subsequently, defendant increased the contingency fee to one-third. Plaintiff urges now that her portion of the community should be governed by the one-fourth fee agreed to at the time she engaged the attorneys. Defendant argues that it was within his right as head and master of the community to increase the fee to one-third. The record does not contain sufficient facts to resolve this issue. This is another item that further evidence is necessary to determine which fee is appropriate.
Accordingly, for the above and foregoing reasons the judgment of the district court is reversed and this matter is remanded to the trial court for further proceedings consistent with the views herein expressed. The cost of this appeal is to be borne by plaintiff-appellee. All other costs are to await a final determination on the merits.
Reversed and remanded.

. “ * * * But damages resulting from personal injuries to the wife shall not form part of this community, but shall always he and remain the separate property of the wife and recoverable by herself alone; ‘provided where the injuries sustained by the wife result in her death, the right to recover damages shall be as now provided for by existing laws.’ ”