'TATE, Justice
(dissenting).
' I respectfully dissent.
The issue of state law before the court is clear-cut.[1] A husband was crippled during a marriage as a result of a 1966 accident. In 1967, he divorced his wife .hsl ¡an-adulteress, he receiving custody of -¿¡he', ¡children of the marriage. After the divorce, ' his claim for personal injuries was settled in 1967. Of this amount, almost all of $211,000 was obviously for loss of future earnings, future medical expenses,: and future pain and suffering — losses which., will be sustained by the husband after the community was terminated by the -1967 divorce.
' Nevertheless, the wife insists she is entitled i to share fifty-fifty in this entire award-,; including ■ for the damages recoverable by. the husband for loss and injury sustained, post-divorce.
Her reasoning is respectable, if inequitable.; .Under Civil Code Article 2402, as interpreted," damages recovered by the husband. during the marriage fall into the community. Under Article 2334, a husband’s action for damages is his separate property only if the accident occurred when he was living apart from his wife by reason of fault on her part.
The trial court agreed with 'her contentions. It held her entitled to one-half of the net monies received in the post-divorce settlement, whether or not they were for damages sustained before or after the dissolution of the community.'
The court of appeal reversed. 238 So.2d 30 (1970). The court held that the wife was entitled to share only in the damages that may have accrued during the existence of the community; she was, held not entitled to share in the damages that compensate the husband for damages accruing after the community was dissolved. 238 So.2d 34-35.
This incidentally, is the same result reached by every other Louisiana appellate court which has considered the question. Alfred v. Alfred, La.App., 237 So.2d 94 (1970) (certiorari granted, 256 La. 847, 239 So.2d 356; but the claim was compromised before heard by this court); Talley v. Employers Mutual Liab. Co., 181 So.2d 784 (1966), certiorari denied, 248 La. 785, 181 So.2d 783 (1966). -The Talley result did receive scholarly criticism. 27 La.L.Rev. 456 (1967)..- :.
We granted certiorari in this and in the Alfred case primarily to consider the[1] légal *273 question and to make a" definitive decision of the legal principle at issue: When a cause of action for the husband’s personal injuries arises during a marriage, is a wife entitled to share in monies paid a husband, after dissolution of the community, for damages, attributable to loss sustained by him individually after the community’s dissolution? (There is of course, little question as to her right under state law to share in damages attributable to loss prior to the divorce; those damages fall into the community by virtue of Civil Code Articles 2334, 2402.)
The majority, opinion seems to resolve this issue as follows: “We agree with the Court of Appeal that Constance [the wife) is not entitled to participate in that portion of the settlement funds that compensate Acy [the husband] for damages accruing after the dissolution of the community regime.”
The writer agrees with this resolution. There are, in my opinion, sound reasons for this result:
Civil Code Articles 2334, 2402, as interpreted, provide only that a cause of action for damages falls into the community, if arising during its existence, and that damages for the husband’s personal injuries collected during the marriage are community funds.
' -The articles' indeed afford persuasive support for the wife’s argument that damages collected after the divorce will still belong to the community, even if "’for damages sustained after the community’s dissolution. They do not, however,' -provide a legislative command to such effect.
The question is thus open to judicial interpretation, as a matter not expressly regulated by statute. “In all civil matters, where there is no express law, the judge is bound to proceed and decide according to equity. * * *” Civil Code Article 21 _ The principle here desired by the wife-, results from deduction and not from positive law to such effect; it need not, therefore, be accepted by the court, if demon-’ strated to be unwise or unfair. . Ge.ny, Method of Interpretation and Sources of Private Positive Law (LSLI translation, 1963), passim (e. g., Sections 101, 106, 107); 22 La.L.Rev. 727 at 732-34, 738-39 (1962).
By analogy, here applicable is the equitable principle recognized by our Civil Code that “no one ought to enrich himself at the expense of another”. Article 1965.
It offends common sense and equity and almost every conceivable practical reason to allow this adulterous wife to obtain one-half of the sums awarded for' the' husband’s post-divorce earnings, mediedi expenses, and suffering. During the’ rel mainder of his life, this crippled husbdhd will have to live on only one-half oí th'é[1] *275 sum ¡awarded for his loss of earnings during' those post-divorce years, and he will .hav.e. only one-half of the money attributable to the full medical expenses incurred' during the remainder of his life. He will also have to support the children of the marriage, whose custody he received due to her misconduct.
His adulterous wife will retain one-half of the sum awarded for her husband’s post-divorce earnings, although (being at fault) she is not entitled to any alimony (support) and — even if free from fault— cóuid in no case be awarded more than onc-third of his earnings, Civil Code Article 160. These future earnings are diverted to her away from the crippled husband and the minor children of the marriage.
So diverted also is one-half of the sums paid the husband for future medical expenses, even though the divorced wife is under no'duty to contribute to payment of them. As also with the payment to the husband’s post-divorce suffering, such an award to the wife is without logic or social reason to commend it, as the majority properly realizes in its pronouncement of law quoted above.
The writer dissents because the majority, after announcing the correct principle, then, reaches the opposite result by affirming.the trial court!
r,he. majority apparently bases this result or\ several legally immaterial factors: The long delay since settlement, the husband’s alleging his right in the sum only alternatively under state law, and the difficulty of proving the pre-divorce and post-divorce factors.
I cannot subscribe to such result or such reasoning. The husband is entitled to have us apply to the present facts the legal principle found governing by the majority opinion. The difficulty of proof is no reason at all to deny his recovery without affording him a day in court — and, I might add, experienced tort lawyers in day to day disposition of personal injury claims can reach general agreement of the approximate worth of unliquidated and intangible and future damages, as do trial and appellate courts in countless decisions each year and over the years.
I respectfully dissent.
BARHAM, J., concurring in this dissent.

. rí pretermit discussion of the threshold Issue of federal law, although I am uncertain . that the majority opinion has adequately disposed of the substantial arguments for its application. We primarily granted this writ to decide, the ;• described issue of state law. •