309 So.2d 883 (1975)
Glenda Faye WEST, Plaintiff and Appellant,
v.
Herman Wayne ORTEGO, Defendant and Appellee.
No. 4930.
Court of Appeal of Louisiana, Third Circuit.
March 19, 1975.
Rehearing Denied April 15, 1975.
Writ Granted June 13, 1975.
Preston N. Aucoin, Ville Platte, for plaintiff-appellant.
DeVillier, Ardoin & Morrow, by J. Winston Ardoin, Eunice, for defendant-appellee.
Before FRUGÉ, DOMENGEAUX, and WATSON, JJ.
DOMENGEAUX, Judge.
The defendant-husband in this case, Herman W. Ortego, sustained a disabling industrial accident on or about June 4, 1974, during the course and scope of his *884 employment with Chapman Drilling Company. On June 14, 1974, prior to payment of any compensation benefits, Glenda F. West (defendant's wife and plaintiff herein) filed suit for separation from bed and board. A judgment of separation was rendered in plaintiff-wife's favor on the following June 24th. Subsequently, on September 26, 1974, plaintiff-wife sought and obtained a temporary restraining order and requested an injunction, preventing her injured husband from settling any claim for workmen's compensation, on the ground that any benefits received fell into the community of acquets and gains formerly existing between the spouses. A preliminary injunction was later granted on December 9, 1974, against the defendant-husband, and the plaintiff-wife was awarded one-half of her husband's workmen's compensation benefits which accrued before the dissolution of the community. Plaintiff has appealed said judgment, asking that she be additionally awarded one-half of those workmen's compensation benefits accruing after the dissolution.
The narrow issue before us on appeal is whether workmen's compensation benefits received by a husband, subsequent to the dissolution of the community of acquets and gains,[1] for injuries received prior to the dissolution, fall into the community.
This specific question is apparently res nova insofar as it concerns workmen's compensation benefits. However, there are at least three decisions interpreting the separate or community character of damages arising out of a cause of action, judgment, or settlement, in favor of the husband, based upon personal injuries sustained by the husband during the existence of the community.
Talley v. Employers Mutual Liability Insurance Co., 181 So.2d 784 (La.App.4th Cir. 1965); writ refused 248 La. 785, 181 So.2d 783 (1966) in part involved a claim by an estranged wife for one-half of any recovery by her former husband for personal injuries received in a car accident occurring previous to their divorce. The appellate court affirmed a judgment granting the wife one-half of an amount awarded for loss of earnings, medical and hospital bills, and personal injuries sustained from the date of the accident until the dissolution of the community. It also affirmed an award to the husband alone for pain, suffering, and hospital and medical expenses sustained by the husband after the dissolution of the community (although by reason of the former accident) in addition to an amount for permanent disability and scarring resulting from the accident. In dicta the court also implicitly indicated that an award to the husband alone for future loss of earnings would have been in order, if proven.
Our Circuit also considered a similiar question in Alfred v. Alfred, 237 So.2d 94 (La.App.3rd Cir. 1970), writ granted 256 La. 847, 239 So.2d 356 (1970), wherein a husband who had obtained a divorce from his wife (on the basis of living separate and apart for two years), appealed the judgment which also awarded his estranged wife one-half interest in a pending lawsuit as her share of the community. The husband's claim resulted from an alleged misapplication of dye (while living separate and apart from his wife) which completely disabled him by paralyzing his lower extremities. This Court amended the judgment, relying upon the foregoing Talley decision, limiting the community's share of the pending lawsuit to those damages which accrued prior to the date the community was terminated.
One judge dissented in Alfred, opining essentially that according to Civil Code Article 2334, damages resulting from an offense or quasi offense suffered by the husband, living separate and apart from his wife, but prior to dissolution of the *885 community, is community property unless the wife is proven to be at fault sufficient for separation or divorce, which then makes the damages separate property. He concluded no allegation or proof of fault on the wife's part was alleged in the divorce case and as a result the lower court judgment granting the wife a flat one-half interest in the pending lawsuit should have been affirmed. He did however recognize the inequitable result involved, pointing out that legislative action was the proper solution.
Although writs were granted in Alfred by the Supreme Court, no decision was rendered thereon since the case was settled prior to argument.
Subsequently, the Supreme Court handed down Chambers v. Chambers, 259 La. 246, 249 So.2d 896 (1971), which involved a former wife's claim for one-half the damages received in settlement[2] by her husband, for injuries sustained during the course of his employment with Illinois Central Railroad Company. The injuries involved occurred while the husband was married to and living in community with his former spouse, although the settlement took place after the dissolution of the marital community.
The settlement, for all practical purposes, was in the amount of $211,000, with no designation, however, as to what portion thereof was attributable to past or future pain and suffering, disability, medical expenses, etc. Following a dispute over the disposition of the funds between the former spouses, the wife filed a partition suit, with the trial court subsequently rendering judgment in the matter on October 10, 1969. The district court granted the plaintiff-wife a one-half interest in the entire settlement, or $105,500, less attorney's fees and one-half of the community debts. The appellate court at 238 So.2d 30 (La. App. 1st Cir. 1970), citing the Talley decision, reversed the judgment on the basis that the wife was entitled to share in the damages only to the extent that such damages had accrued during the community regime, and that she had no legal claim to those damages accruing after the dissolution thereof. However, in light of the unitemized settlement, which the Court held was not only for pain and suffering but also for future disability, medical expenses, and future loss of earnings, the case was remanded to determine the basis for the compromise and to allocate amounts to such items as may have been included in the settlement. Writs were granted by the Supreme Court in 1971. Therein the High Court made the following statement:
"We agree with the Court of Appeal that Constance is not entitled to participate in that portion of the settlement funds that compensate Acy for damages accruing after the dissolution of the community regime. Cf. Talley v. Employers Mutual Liability Ins. Co., 181 So.2d 784, 248 La. 785, 181 So.2d 783. We also agree with the finding of the Court of Appeal that the settlement funds must have included amounts for Acy's recovery for future disability, his medical expenses, and his future loss of earnings ...."
Nevertheless, after setting forth this legal principle, the High Court reached the opposite result, reversed the appellate court, and reinstated the district court judgment which held the plaintiff was entitled to one-half the settlement in its entirety.
The majority apparently based this result on several factors including: the long delay (5 years) since settlement; the fact that the husband offered no proof, nor indicated proof could be obtained, in respect to damages incurred after the dissolution; and the "virtual impossibility" in reconstructing how much weight was given by the negotiators to each of the items with *886 respect to future pain and suffering, medical expenses, and loss of wages.
Three of the Justices concurred, two of which concluded that the cause of action itself was a community asset since it arose during the existence of the community regime.
One Justice dissented (with another concurring in the dissent) on the following grounds: the result reached by the appellate court was the same as in Talley and Alfred; the majority clearly agreed the wife was not entitled to participate in the portion of the settlement funds compensating the husband for damages accruing after the dismissal of the regime; most of the settlement award was obviously for loss of future earnings, future medical expenses, and future pain and suffering which would be experienced by the husband after the community was terminated by the 1967 divorce; Civil Code Articles 2334 and 2402 provide only that a cause of action for damages falls into the community, if arising during its existence, and that damages for the plaintiff's personal injuries collected during the marriage are community funds; Civil Code Articles 2334 and 2402 afford persuasive support for the wife's argument but that they do not provide express law on the facts presented and the question is therefore open to judicial interpretation according to equity under Civil Code Article 21; and the appellate court, as a result, should have been affirmed, regardless of the difficulty of proof on remand.
Subsequently a Per Curiam was rendered on an Application for Rehearing, wherein it was indicated that a husband's cause of action for damages resulting from a tort committed against him (while living with his wife in community) is community property.
One of the Justices, formerly concurring with the majority, dissented from this Per Curiam, asserting that an "award for loss, such as future earnings or pain and suffering calculated to accrue after termination of the community relationship should fall into the husband's separate estate."
The trial judge in the present case, in concluding that the wife was entitled to her share of the benefits accruing only prior to the dissolution of the community, opined essentially that language to this effect (as we heretofore have quoted) is found in Chambers v. Chambers, supra, and is thereby controlling. The trial court distinguished this case from the result reached in Chambers, on the basis that proof of the benefits accruing before the dissolution herein is no problem since benefits accrue to the workmen's compensation claimant each week at a specified rate. The District Court further held that even in the case of a lump sum settlement, the amount therein for future disability could be easily distinguished.
On this appeal, plaintiff-wife essentially contends the trial court erred in not following the result reached in Chambers and in not holding that she was entitled to one-half of the defendant's workmen's compensation claim in its entirety.
This Court agrees with the aforementioned legal principle, cited in Chambers and followed in the Alfred and Talley cases, to the effect that damages accruing to the husband after the dissolution of the community, although based upon an injury received prior to the dissolution thereof, are his separate property. We further conclude that said principle has a sound basis in both law and equity.[3] Applying this principle to the facts of the present case we conclude and so hold that the District Court judgment should be affirmed. We fully realize this holding seems contrary to the result reached in Chambers. We opine from the foregoing, however, that the holding intended in Chambers, by a majority of the Court, is not entirely clear from a reading of the opinion. Regardless, we agree with the trial court that *887 the result reached in Chambers can be distinguished[4] from the case herein on the basis of the "proof" factor.
For the above and foregoing reasons the judgment of the trial court is affirmed at plaintiff-appellant's costs.
Affirmed.
WATSON, J., concurs in the result having doubts as to the precise meaning of Chambers v. Chambers, 259 La. 246, 249 So.2d 896 (1971).
NOTES
[1] There is little question but that a wife has the right under Louisiana law to share in the damages attributable to loss prior to the dissolution of the community. Civil Code Articles 2334, 2402.
[2] Suits on behalf of the husband had been instituted in both Federal (under the Federal Employers Liability ActFELA) and State courts.
[3] See: Justice Tate's dissent in Chambers v. Chambers, supra.
[4] Appellee, as a defense, also tries to distinguish Chambers on the basis that the tort action therein was brought under. FELA while the present case was initiated under state workmen's compensation. However, as pointed out in Chambers, 249 So.2d at 902, FELA is in the nature of a compensation statute. See also: Malone, Louisiana Workmen's Compensation Law & Practice (1951), pp. 29-31.