325 So.2d 883 (1975)
Sandra Mercier McLEOD
v.
Robert W. McLEOD.
No. 10412.
Court of Appeal of Louisiana, First Circuit.
September 2, 1975.
On Rehearing January 20, 1976.
*884 Patrick W. Pendley, Plaquemine, for appellant.
Hobart O. Pardue, Jr., Springfield, for appellee.
Before SARTAIN, COVINGTON and BARNETTE, JJ.
COVINGTON, Judge:
Robert W. McLeod and Sandra Mercier McLeod were married on August 12, 1973. He was injured on November 12, 1973, and on January 1, 1974, or thereabouts, they separated. On January 15, 1974, she filed a petition for separation and on June 28, 1974, he filed suit in the U. S. District Court for his personal injuries under the Jones Act (46 U.S.C.A. § 688) and the General Maritime Law.
On January 16, 1975, he answered her suit for separation and reconvened, asking that he be granted a separation. On March 4, 1975, the said Robert W. McLeod, hereinafter called appellant, was granted a separation from Sandra Mercier McLeod, hereinafter called appellee.
On April 30, 1975, she filed a suit for a partition of the community property, alleging that it consisted of the claim for damages for injuries which he sustained during their marriage, that the suit was then pending in federal court, and asking for one-half of all monies recovered by him. There is no question but that the couple were living together under the community of acquets and gains at the time of the alleged injury. The action which he had filed in the United States District Court asks for $500,000.00 for past and future loss of wages and future pain and suffering; this is set forth in Article 8 of the written stipulations of counsel filed April 30, 1975. The aforesaid stipulations also recognized that the appellee was entitled to one-half of all funds ". . . attributable to the period of time of November 12, 1973 until January 15, 1974." Therefore, the dispute concerns any other monies recovered by appellant in his suit.
The trial court rendered judgment in favor of petitioner-appellee, Sandra Mercier McLeod, and the defendant has taken this appeal. We affirm.
The position of the appellant is that his wife is entitled to a portion of the award, specifically for any portion thereof attributable *885 to the period from November 12, 1973, the date of the accident, up to January 15, 1974, the date she filed a petition for separation, whereas appellee contends that, since the accident occurred during the community of acquets and gains, she is entitled to one-half of all monies collected.
The question to be decided on this appeal is, of course, whether funds to be received after a legal separation in a settlement of a claim filed under the Jones Act and the General Maritime Law for damages resulting from personal injuries suffered by the husband while married to and living in a community estate with his wife forms a part of their terminated marital community and is, therefore, subject to partition.
LSA-C.C. Art. 2334 provides, in part:
"The property of married persons is divided into separate and common property.
Separate property is that which either party brings into the marriage, or acquires during the marriage with separate funds, or by inheritance, or by donation made to him or her particularly.
The earnings of the wife when living separate and apart from her husband although not separated by judgment of court, her earnings when carrying on a business, trade, occupation or industry separate from her husband, actions for damages resulting from offenses and quasi offenses and the property purchased with all funds thus derived, are her separate property.
Actions for damages resulting from offenses and quasi offenses suffered by the husband, living separate and apart from his wife, by reason of fault on her part, sufficient for separation or divorce shall be his separate property.
Common property is that which is acquired by the husband and wife during marriage, in any manner different from that above declared . . ."
LSA-C.C. Art. 2402 provides, in part:
"But damages resulting from personal injuries to the wife shall not form part of this community, but shall always be and remain the separate property of the wife and recoverable by herself alone;. . ."
Our Supreme Court, with some members thereof dissenting, handed down Chambers v. Chambers, 259 La. 246, 249 So.2d 896 (1971), certiorari denied 404 U.S. 856, 92 S.Ct. 102, 30 L.Ed.2d 97, which involved a former wife's claim for one-half of the damages received in settlement by her husband for injuries sustained during the course of his employment with the Illinois Central Railroad Company. The injuries occurred while the husband was married to and living in community with his former spouse, although the settlement took place after the dissolution of the marital community. Parenthetically, the husband obtained the divorce on the ground of his wife's adulterous conduct and he was awarded the custody of their minor children. The court therein stated, at page 907, in its per curiam to the application for rehearing:
"We have held that: `a husband's cause of action for damages resulting from a tort committed against him while living with his wife in community is community property. It follows that the damages received by judgment of court or the funds received in settlement of a compromise of such cause of action are also community property' . . . By this the majority intended to hold that the time the husband's cause of action arises determines the community or separate nature of the cause of action and the community or separate nature of the funds obtained when the suits on the cause of action were settled." In a concurring opinion, Justice (now Chief Justice) Sanders stated, at page 905, that ". . . since the codal articles classify the cause of action as community, the courts must apply the classification until it is changed by the Legislature."
*886 In the instant case, the injury occurred while the husband was married to and living in community with his spouse; therefore, Sandra Mercier McLeod is entitled to one-half of all funds received by appellant.
In discussing the apparent sexual discrimination set forth in Articles 2334 and 2402, the late Professor Clarence J. Morrow, of Tulane Law School, stated in Volume XXXIV, at page 25 of the Tulane Law Review:
"It is difficult to rationalize this obvious discrimination between husband and wife, and the distinction must be attributed to pressures on behalf of married women in the early part of this century, followed by a belated, `compromise' provision with reference to the husband."
The Chambers case seems to be the latest pronouncement of the Supreme Court; assuming arguendo, that the applicable statutes are unconstitutional and/or the interpretation thereof by our Supreme Court results in inequity, it is the proper forum to make such declaration.
The judgment of the trial court will, therefore, be affirmed at plaintiff's costs.
Affirmed.

ON REHEARING
BARNETTE, Judge:
Our original opinion in this case was adopted and filed by this panel with considerable reluctance. It was the feeling of the Court that the result reached was inequitable, but we felt constrained to follow the opinion of the Supreme Court in Chambers v. Chambers, 259 La. 246, 249 So.2d 896 (1971). In doing so, however, we had serious doubt that the ultimate decree in that case actually reflected the majority view of the Court.
We held up action on the application for rehearing in view of the decision of the Third Circuit Court of Appeal in West v. Ortego, 309 So.2d 883 (March 19, 1975) and the granting of writs in that case by the Supreme Court. It was our hope that the Chambers decision would be reconsidered by the Supreme Court and the jurisprudence on the issue clarified. The Supreme Court has now done so by its decision handed down December 8, 1975. West v. Ortego, 325 So.2d 242 (La.1975).
The issue involved in this case is now clearly resolved by the Supreme Court's decision in West v. Ortego, expressly overruling Chambers and holding in pertinent part as follows:
"Applying the foregoing principles, we conclude that where a husband's settlement monies, acquired after dissolution of the community, but based upon a predissolution, accident-related cause of action, compensate for both pre-dissolution and post-dissolution losses, that portion of the settlement which compensates for post-dissolution losses falls into the separate estate of the husband."
It should not be difficult to establish what portion of the ultimate recovery in this case represents compensation for post-community damages.
For these reasons our original decree herein is recalled and it is now the decree of this court that the judgment appealed is annulled and set aside. The case is remanded to the trial court for further proceedings to determine by proper evidence the proportionate part of whatever award the husband, Robert W. McLeod, might ultimately recover which represents loss of income and for pain and suffering accruing after dissolution of the community formerly existing between him and Sandra Mercier McLeod, and that said amount be recognized as belonging to his separate estate and not included in the partition of the community estate.
The plaintiff-appellee is cast for all costs of this appeal. All other costs are to await a final determination.
Annulled and remanded.