346 So.2d 1280 (1977)
Ada Bell Russell LACAZE, Plaintiff-Appellant,
v.
TENNESSEE LIFE INSURANCE COMPANY, et al., Defendants-Appellees.
No. 5976.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1977.
Rehearing Denied June 24, 1977.
*1281 G. F. Thomas, Jr., of Thomas & Dunahoe, Natchitoches, for plaintiff-appellant.
Gahagan & Gahagan by R. E. Gahagan, Natchitoches, George M. Wear, Jr., Monroe, for defendant-appellee.
Before WATSON, FORET and HEARD, JJ.
HEARD, Judge.
This suit was instituted by Ada Bell Lacaze to obtain one-half of all benefits received by her former husband, R. L. Lacaze under a group insurance disability policy provided by his employer, Tenneco, Inc. Made defendants are Tenneco, Inc., Tennessee Life Insurance Company and its successor, Philadelphia Life Insurance Company, and R. L. Lacaze.
Plaintiff appeals from a judgment rejecting her demand.
The facts are undisputed and are succinctly set forth by the trial judge in his reasons for judgment:
"R. L. Lacaze was married to Ada Bell Russell in September, 1951. On August 13, 1975 Ada Bell Lacaze filed suit for a separation from bed and board, which was granted by judgment dated November 17, 1975.
During the existence of the marriage between R. L. Lacaze and Ada Bell Russell Lacaze, R. L. was employed by Tenneco, Inc. In January 1965, R. L. became eligible to obtain, under a group policy, rights to disability benefits for specified losses, resulting from accidental bodily injury, sickness or disease. The original group policy, GP-785, was issued by Tennessee Life Insurance Company and later taken over by its legal successor, Philadelphia Life Insurance Company. From January 1965, through January 1969 R. L. Lacaze paid a portion of the premiums. Thereafter all premiums were paid by his employer.
On October 13, 1975, R. L. Lacaze applied for benefits under the disability provisions of the group policy. He alleged his sickness began August 1, 1975. On February 28, 1976, R. L. Lacaze began drawing benefits under such disability provisions.
The instant suit by Ada Bell Russell Lacaze alleges that R. L. Lacaze obtained rights under the group policy during the marriage, and therefore when he qualified for benefits thereunder, such belong to the community of acquets and gains that formerly existed between them. Accordingly, she is entitled to one-half (½) of all disability benefits payable under said insurance policy to R. L. Lacaze."
Plaintiff-appellant assigns as error that the trial court committed error of law in failing to recognize the benefits payable by Philadelphia Life Insurance Company to R. L. Lacaze as a result of a disability which commenced during the marriage, under a policy of disability insurance purchased with community funds and furnished as an employment benefit during the existence of the community, was enjoyable by both spouses and the right of the wife to participate *1282 in the fruit of the policy was not destroyed by judicial separation or divorce.
As found by the trial judge, the policy is a form of health and accident insurance as provided for in LSA-R.S. 22:211, et seq., and has no cash surrender value. It was furnished R. L. Lacaze as an incident of his employment with Tenneco, Inc. Since January 1969 the premiums were paid by Tenneco, Inc. LSA-R.S. 22:213(A-7)Payment of Claims, states:
". . . All other indemnities will be paid to the insured. . . ."
Counsel for plaintiff-appellant in brief states that the closest case in point is T. L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1975).
We find that case inapposite to the present case for the reason that during the existence of the community R. L. Lacaze had no vested interest in the policy. His disability payments were made only after the community was dissolved.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of the appeal are to be paid by plaintiff-appellant.
AFFIRMED.
WATSON, J., concurs and assigns written reasons.
FORET, J., concurs in result.
WATSON, Judge, concurring:
Because the result is correct but the terms of the policy are not the controlling factor, I assign these additional reasons.
Defendant, Ronil Louis Lacaze, aged 62, is suffering from acute depression which renders him unable to perform the duties of his former job with Tenneco, Inc. This results from a progressive mental and emotional deterioration for a period of five years. Lacaze is not disabled as the result of an accident, but because of long-term "nervousness" (TR. 7), which required termination of his employment on August 31, 1975. Lacaze was covered under his employer's group policy which provides benefits for disabling sickness until the age of 65.
The premiums on the policy were paid by Lacaze through salary deductions from January 1, 1965, until January of 1969. Subsequently, Tenneco paid the premiums, without wage deductions, and these payments constitute additional compensation to the employee. T. L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1976). Plaintiff's theory is that she is entitled to one-half of the benefits due to payment of premiums by wage deductions or as additional compensation during the existence of the community of acquets and gains. However, the decisive factor is not the time when the premiums were paid but the date rights vested under the policy.
Although Lacaze did not receive any proceeds until February 28, 1976, because of a 180-day waiting period, his rights under the policy vested on August 31, 1975, when he was unable to continue working. The August 31 date is critical because of the prior dissolution of the community. The community was dissolved August 13, 1975, the day Mrs. Lacaze filed suit for the separation granted November 17, 1975. Talbert v. Talbert, 199 La. 882, 7 So.2d 173 (1942).
We are not dealing here with damages for an offense or quasi offense under LSA-C.C. art. 2334 but insurance benefits. The benefits under the policy are in one sense the "produce" of Lacaze's labor, as that term is used in LSA-C.C. art. 2402, being paid because of his past employment. Compare Swope v. Mitchell, 324 So.2d 461 (La. App. 3 Cir. 1975). However, these payments are made to Lacaze only because of his current inability to work and do not represent any compensation for disability during the period of his marriage. West v. Ortego, 325 So.2d 242 (La.1975); McLeod v. McLeod, 325 So.2d 883 (La.App. 1 Cir. 1976). The right to the benefits did not vest until after dissolution of the community and constitutes the separate property of Lacaze. The policy involved here is analogous to a term life insurance policy with no cash surrender value at the end of the marriage. Connell v. Connell, 331 So.2d 4 (La.1976); T. *1283 L. James & Co., Inc. v. Montgomery, supra; and Butler v. Butler, 228 So.2d 339 (La.App. 1 Cir. 1969). The policy had no value prior to the time Lacaze was eligible for its benefits and therefore no accounting is due for the premiums paid during the existence of the community.
I respectfully concur.