237 So.2d 94 (1970)
Elijah ALFRED, Plaintiff-Appellant,
v.
Delores Marie W. ALFRED, Defendant-Appellee.
No. 3120.
Court of Appeal of Louisiana, Third Circuit.
June 18, 1970.
Rehearing Denied July 24, 1970.
Writ Granted September 30, 1970.
Nelson & Nelson, Michael A. Dessommes, New Orleans, for plaintiff-appellant.
Preston N. Aucoin, Ville Platte, for defendant-appellee.
Before FRUGÉ, CULPEPPER and MILLER, JJ.
FRUGÉ, Judge.
Plaintiff, Elijah Alfred, instituted this action on April 15, 1969, seeking a judgment of absolute divorce from his wife, Delores Marie Alfred, on the basis of two years living separate and apart. The trial court awarded the plaintiff a judgment of absolute divorce, and the plaintiff and the defendant each a one-half interest in a pending lawsuit which was the entirety of the community of acquets and gains existing between the parties. Plaintiff appeals the judgment insofar as it granted defendant one-half interest in the pending lawsuit as her share of the community property. The defendant did not answer the appeal.
On July 30, 1969, after instituting this suit for divorce, plaintiff filed an action ex delicto in Orleans Parish styled, "Elijah Alfred vs. William H. Rorer, Inc., et al." The action was based on an alleged misapplication of a dye on September 19, 1968, which completely disabled Mr. Alfred by paralyzing his lower extremities. The plaintiff contends that the trial court erred in awarding his wife a one-half interest in the lawsuit.
Louisiana Civil Code Article 155 provides in part: "The judgment of separation from bed and board carries with it the separation of goods and effects and is retroactive *95 to the date on which the petition for same was filed. * * *" Therefore, the community of acquets and gains between plaintiff and defendant was terminated on April 15, 1969, the date the plaintiff filed his petition for a divorce, and some seven months after the alleged injury to plaintiff.
The plaintiff concedes, and Louisiana courts have consistently held, that actions for damages for offenses and quasi-offenses committed against the husband are community property by virtue of Louisiana Civil Code Article 2334. However, the plaintiff contends that only those damages accrued as of the date of the filing of the petition for divorce are to be considered community property, and conversely those damages accruing after that date should not be considered community property.
The plaintiff relies on the case of Talley v. Employers Mutual Liability Ins. Co., 181 So.2d 784 (La.App. 4th Cir. 1965), writ refused 248 La. 785, 181 So.2d 783 (1966), which seems to be the only Louisiana case resolving this issue. In that case, the husband was injured during the existence of the community of acquets and gains, but recovered damages after its termination. The trial court made two awards for damages: one to the community of acquets and gains for damages accrued as of the time of the dissolution of the community; and, one to the husband for damages incurred after the termination of the community of acquets and gains. The Fourth Circuit Court of Appeal affirmed the trial court's decision, and the Louisiana Supreme Court refused to review the appellate court's decision.
In the instant case, the plaintiff was injured during the existence of the community of acquets and gains, and all damages recovered, if any, will be after its dissolution. The present case cannot be distinguished from the Talley case, supra. Accordingly, the judgment of the trial court must be amended by limiting the community of acquets and gains' share of the pending lawsuit in Orleans Parish to those damages, if any, which accrued prior to April 15, 1969, the date the community of acquets and gains was terminated. In all other respects, the judgment of the trial court is correct.
For the foregoing reasons, the judgment of the trial court is affirmed as amended. All costs of this appeal are assessed to the defendant-appellee.
Affirmed and amended.
MILLER, Judge (dissenting).
The result reached by the majority is equitable. However, the facts of this case and LSA-C.C. article 2334, require an affirmation of the district court's judgment.
Article 2334, designating separate and community property of married persons, provides in part:
"Actions for damages resulting from offenses and quasi offenses suffered by the husband, living separate and apart from his wife, by reason of fault on her part, sufficient for separation or divorce shall be his separate property. (Emphasis added.)
"Common (community) property is that which is acquired by the husband and wife, during marriage, in any manner different from that above declared."
The husband did not allege or prove fault in this divorce case. Although the injury to the husband occurred while he was living separate from his wife, he did not contend that the separation was due to her fault. The result reached by the majority accepts this fact. Otherwise, the wife would not have been entitiled to any damages.
The majority relies on Talley v. Employers Mutual Liability Insurance Co., 181 So.2d 784 (La.App. 4th Cir. 1965). There the law was correctly set forth at page 787:
"Damages recovered by a husband for personal injuries belong to the community, *96 while such recovery by a wife forms part of her separate estate. LSA-C.C. arts. 2334, 2402."
While the result reached in Talley would support the majority opinion, no reasons were assigned to explain how the above quoted law supports a division of the award, part to the community and part to husband's separate estate. It appears that the equitable result reached in Talley was in effect stipulated.
I find no reasons in Talley or in the majority opinion to show how the equitable result can be reached under our code.
If under the same marital status, the husband had committed a tort, the wife's share of the community would have to bear one-half the damages. Just as she suffers a castastrophe in this last instance, she gains a windfall under the facts of the case before us.
The inequitable result required by the code addresses itself to legislative action not to a court decision.
I respectfully dissent.

On Application for Rehearing.
En Banc. Rehearing denied.
MILLER anud HOOD, JJ. are of the opinion a rehearing should be granted.