CULPEPPER, Judge.
Mrs. Aljane Domingue Broussard instituted an action against her former husband, Dudley L. Broussard, seeking to partition the community which theretofore existed between them. An inventory purporting to list the community property was made in connection with that proceeding. That inventory listed as community property, among other items, two savings certificates issued by Acadia Savings and Loan Association. Mr. Broussard filed an objection to that inventory, alleging as one objection that both of the above savings certificates belong to his separate estate, and praying that the funds represented by those certificates be decreed to be his separate property.
After trial, judgment was rendered by the trial court decreeing that the two savings certificates above mentioned belong to the separate estate of the defendant husband. Mrs. Broussard appealed.
The principal issue is whether the two savings certificates at issue here belong to *573 the community or to the separate estate of the defendant husband.
The facts are that Dudley Broussard was injured in an offshore accident on October 20, 1967. He was not married at that time. He asserted a claim for his injuries under the Jones Act and Maritime Tort Law. That claim was pending at the time he married plaintiff on July 4, 1969. He settled the claim on April 19, 1971, receiving the net sum of $51,000 as his part of the settlement.
On April 19, 1971, Mr. and Mrs. Brous-sard went to the Bank of Commerce and Trust Company, in Crowley, and purchased two “Certificates of Deposit”, each for the sum of $22,500. One of those certificates was issued to “Dudley L. Broussard and Aljane D. Broussard.” The other was issued to “Aljane D. Broussard and Dudley L. Broussard.”
The evidence shows that $45,000 of the proceeds which Mr. Broussard received in the above settlement were used to pay the purchase price for these two certificates of deposit. The remainder of those proceeds, amounting to about $6,000, was used by the parties to “pay bills.”
About six months later, on October 19, 1971, Mr. and Mrs. Broussard cashed in the above certificates of deposit and withdrew all the funds represented by them. On the next day, October 20, 1971, Mr. and Mrs. Broussard purchased the two “Savings Certificates” which are at issue here, both of which were issued by Acadia Savings and Loan Association. Each of those certificates is dated October 20, 1971, and each certifies that the holders own “200 shares”, or a savings certificate of $20,000. One of those savings certificates is identified as Certificate No. 4218, Account No. 8487, and it was issued to “Dudley L. Broussard and Aljane D. Broussard.” The other savings certificate is identified as Certificate No. 4219, Account No. 8488, and it was issued to “Aljane D. Broussard and Dudley L. Broussard.”
The evidence shows that the parties received at least $45,000 from the Bank of Commerce and Trust Company when they cashed in the two certificates of deposit issued by that bank, and that they used $40,000 of that amount the next day to purchase the two above described savings certificates issued by Acadia Savings and Loan Association. They retained the balance of the proceeds received from the bank, amounting to approximately $5,000, and the record does not show whether or for what purpose that balance may have been spent.
A suit for separation was filed by Mrs. Broussard on March 14, 1973. Mr. Brous-sard reconvened for a divorce, and judgment ultimately was rendered on June 26, 1973, decreeing an absolute divorce between the parties. Following that decree, Mrs. Broussard instituted this action to partition the community. A Notary Public was appointed to make an inventory of the assets which belonged to the community. The inventory listed as community property the two above described savings certificates issued by Acadia Savings and Loan Association.
As already noted, defendant objected to the inventory, claiming that the savings certificates belong to his separate estate.
The trial judge, in holding that the savings certificates were defendant’s separate property, reasoned that since the cause of action for Mr. Broussard’s injuries arose before his marriage to plaintiff, that cause of action belonged to defendant’s separate estate, and that all of the money which he received as settlement of his claim thus was his separate property. He concluded that the above savings certificates belong to Mr. Broussard’s separate estate, even though they were acquired during the existence of the second community, since they were purchased with defendant’s separate funds. The trial judge relied on Chambers v. Chambers, 259 La. 246, 249 So.2d 896 (1971), as authority for that decision.
*574 It is not clear from the opinion rendered in Chambers v. Chambers, supra, what the court actually held. A reasonable interpretation of that case, however, supports the conclusion reached by the trial judge in the instant suit, at least insofar as he .held that the funds received by defendant Broussard in settlement of his personal injury claim belong to his separate estate.
After judgment was rendered by the trial court in the present suit, however, Chambers was modified or reversed by our Supreme Court in the recent case of West v. Ortego, La., 325 So.2d 242 (No. 56,232, Decided December 8, 1975).
In West, supra, the husband sustained a disabling injury during the marriage. Ten days after the accident occurred, his wife filed suit for a separation, and thereafter judgment was rendered decreeing a separation between the parties. The wife then sued to enjoin the husband from settling his claim for workmen’s compensation benefits on the ground that any benefits he might receive would belong to the community and that she was entitled to one-half of the amount of the settlement. The trial court held that the wife was entitled to share only in those benefits which accrued before the dissolution of the community, and that the benefits accruing after the dissolution of the community belong to the husband’s separate estate. We affirmed the judgment of the trial court (La.App., 309 So.2d 883), and the Supreme Court, on review, affirmed that judgment. (325 So. 2d 242; No. 56,232). The Supreme Court said:
“Applying the foregoing principles, we conclude that where a husband’s settlement monies, acquired after dissolution of the community, but based upon a pre-dissolution, accident-related cause of action, compensate for both pre-dissolution and post-dissolution losses, that portion of the settlement which compensates for post-dissolution losses falls into the separate estate of the husband.
* * *
“To the extent that Chambers v. Chambers, supra, is in conflict with this option, it is overruled.”
Although the claim in West was for workmen’s compensation benefits, the court made it clear that the same rule would apply if the claim had been for damages.
We note, also, that the accident in West occurred during the existence of the community, and that the proposed settlement, if permitted by the court, would be made after the community was dissolved. The circumstances presented in the instant suit are slightly different, in that here the accident occurred while the injured defendant was single, and the settlement was effected after he married and while the second community was in existence. In our opinion, however, the ruling in West should be applied in the present suit, despite this difference in facts.
We ultimately conclude that in order to avoid the possibility of a serious injustice to one of the parties this case must be remanded. At the time the case was pleaded, tried and decided in the district court, the ■ Chambers case was controlling. Under Chambers, all of the settlement funds fell into Mr. Broussard’s separate estate, since his cause of action therefor occurred before the marriage. After this case was argued and submitted on appeal, on September 9, 1975, the Chambers case was overruled by West v. Ortego, supra. Under the new rule of West, the settlement funds must be apportioned to the separate estate of the husband and to the community in proportion to the damages suffered by each.
This change in the law raises an entirely new factual issue, i. e., the apportionment of damages between the separate estate of the husband and the community estate. *575 Through no fault of the parties nor of their counsel, nor of the district judge, this issue was not considered in the trial court. A determination of this question of fact could materially affect the outcome of this case under the new law propounded in West.
We conclude this case should be remanded to the district court for such additional pleadings and for the introduction of such additional evidence as either party or the trial court may consider necessary for a decision under the new rule established in West. We have full discretion under LSA-C.C.P. Article 2164 to remand a case to prevent the possibility of a serious injustice.
For the reasons assigned, the judgment appealed is reversed and set aside. This case is remanded to the district court for the filing of such additional pleadings and the introduction of such additional evidence by both parties as is necessary for a proper decision under the new rule established in West v. Ortego, supra, and for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed equally against the plaintiff and the defendant. The assessment of costs in the district court must await a final determination there.
Reversed and remanded.