349 So.2d 1349 (1977)
Cecile Marion Ferdinand, w/o Joseph HALL
v.
Joseph HALL.
No. 8303.
Court of Appeal of Louisiana, Fourth Circuit.
August 1, 1977.
J. Stuart Douglass, New Orleans, for Cecile Marion Ferdinand Hall, plaintiff-appellant.
Wilson M. Montero, Jr., New Orleans, for Joseph Hall, defendant-appellant.
Before SAMUEL, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
In a divorce suit, Cecile Marion Ferdinand Hall asked for a declaratory judgment *1350 to determine whether the proceeds of a judgment in a damage suit, in favor of her husband, Joseph Hall, is part of the community of acquets and gains. The trial court declared only a portion of the judgment to be community, holding that portion attributable to post-dissolution earnings and damages to be the husband's separate property. Mrs. Hall appeals.
The facts are uncontested. Mrs. Hall and her husband were married on July 23, 1962. On July 20, 1971 Joseph Hall met with a casualty resulting in serious personal injuries. On March 14, 1974 a judgment was rendered by the United States District Court, Eastern District of Louisiana in Civil Action # 71-3175 in favor of Joseph Hall in the full sum of $436,215.25. The case was appealed and subsequently affirmed. The settlement checks were issued on February 10, 1976 and the petition for divorce was filed by Mrs. Hall on February 20, 1976. The judgment was based upon a tort claim and awarded specific amounts for past and future medical expenses and loss of wages as well as an award for general damages.
Mrs. Hall contends that, even though some of the funds were to compensate her husband for future loss of wages, medical expenses and pain and suffering, the entire sum is community property, because the settlement money was all received prior to the date her divorce suit was filed and accordingly, prior to the dissolution of the community, relying on Civil Code Articles 2334 and 2402.
The trial judge relied on the case of West v. Ortego, 325 So.2d 242 (La.1976) in making his determination as to the nature of the funds being either separate or community property. The trial judge determined that after applying the principles enunciated in West v. Ortego, supra, the proceeds should be treated as follows:
"(a) The amount awarded for loss of wages prior to the date of the judgment, less the proportionate share thereof for attorney's fees and costs incurred in said action, is declared to be community property. The net amount thereof is $9586.32.
"(b) The amount awarded for loss of future wages which would have been earned after the date of the judgment, less the proportionate share thereof for attorney's fees and costs, is $75,538.29. The community was in existence 23 months after the date of said judgment, and the total work-life expectancy upon which this part of the award was made was 187.2 months. The community's share of this item of damages is 23/187.2, or $9280.96.
The balance of this item is the separate property of Mr. Hall, the sum of $66,257.33.
"(c) The amount awarded for past and future pain and suffering, mental anguish, permanent disability, and loss of life expectancy (the judgment did not distinguish between past and future as to these elements of damage), less the proportionate share thereof for attorney's fees and costs, is $118,000.00. The time which elapsed between the date of the accident and the date of dissolution of the community was about 4½ years; Mr. Hall's life expectancy after the date of dissolution is 14½ years. (The life expectancy at the time of the judgment was 19 years.) On a purely mathematical basis, 4.5/19 of this item would belong to the community, an 14.5/19 would be separate property. However, as to each of the elements which comprise this award, the first few years after the accident undoubtedly are the worst. The following allocation is considered by the Court to be equitable under the circumstances:

(1) To the Community $50,000.00
(2) To the separate estate $68,000.00

"The net amount in escrow is less than the total herein allocated, even considering *1351 the amounts withdrawn earlier by stipulation, because the claim of the United States Government for reimbursement for medical and compensation is greater than the amount of the award for past and future medical. Should the parties be unable to settle the Government's claim for an amount sufficient to make up the total allocated in the foregoing reasons, any deficiency should be charged to the $118,000.00 item, the deficiency to be borne proportionately by the parties.
"In accordance with the stipulation between the parties, any amounts remaining after settlement of the Government's reimbursement claim in addition to the amount required to make up the $118,000.00 item, will be distributed in the proportion of 50/118 to the community and 68/118 to the separate estate."
We set out the Reasons for Judgment above in great detail, because we believe it to be a fair and equitable distribution of the funds in controversy. On the basis of the rationale announced in the decision of West v. Ortego, supra, we would reach the same result and affirm the judgment appealed. As we see it, the issue before us is plainly whether we should apply the West v. Ortego solution to this case, or whether we should declare the judgment to be community property under the provisions of Articles 2334 and 2402 of the Louisiana Civil Code.
The Supreme Court in West v. Ortego tried to set a guideline for dealing with similar issues. The facts in that case are that the husband's cause of action arose during the existence of the community, but the money was not received until after the dissolution of the community. Fairly similar issues had been touched upon in the cases of Talley v. Employers Mutual Liability Insurance Company, 181 So.2d 784 (La. App. 4th Cir. 1965); Alfred v. Alfred, 237 So.2d 94 (La.App. 1st Cir. 1970), and Chambers v. Chambers, 259 La. 246, 249 So.2d 896 (La.1971). After reviewing those cases the court in West examined the community property system itself and made the following statements:
"Once the community is terminated, certain property which had been community ceases to be so. Fruits or profits from the separate property of the husband, or from the separate property of the wife formerly administered by the husband, become once again the separate property of the owner thereof. Earnings by either party likewise become his (or her) separate property following separation, divorce, or death of the spouse. The community ceases to exist as a legal entity, and future income or other enrichments belong alone to the party receiving it. The reason for this is that there is no longer the reciprocal industry, effort, and support which justifies and is the basis for the equitable fifty-fifty system" (La., 325 So.2d 242 at page 245)
* * * * * *
"Absent a clear, unequivocal, statutory dictate to the contrary, and assuming that logic, good sense and commendable social policy, as well as the principles underlying the community property system, are to prevail, post-dissolution compensation falls into the injured husband's separate estate rather than into the extinct marital community." (La., 325 So.2d at 247)
The court then went on to hold:
"Applying the foregoing principles, we conclude that where a husband's settlement monies, acquired after dissolution of the community, but based upon a predissolution, accident-related cause of action, compensate for both pre-dissolution and post-dissolution losses, that portion of the settlement which compensates for post-dissolution losses falls into the separate estate of the husband." (La., 235 So.2d at page 248)
*1352 We are in agreement with the principles announced in that case, under the factual situation where there is a post-dissolution recovery. We conclude, however, that we cannot apply those principles in this case, where both the cause of action and the recovery occurred during the existence of the community. The following statement occurring in the fifth paragraph of Article 2334 we believe is controlling:
"Common property is that which is acquired by the husband and wife during marriage, in any manner different from that above declared."
The West court found that there was no specific, positive statement of statutory law which covered the situation when property was acquired after dissolution, but we submit that the property here is acquired "during marriage" and unless it falls within one of the exceptions pointed out in the Codal articles, we must hold it to be community. We see no reason to discuss at length the equity behind the situation, or the underlying reasons for the existence of the rule. The court in West has examined those issues.
Accordingly, we hold that where the action for the husband's damages and the recovery of those damages occur during the existence of the marriage, the money recovered is community property under Article 2334, unless it comes within the stated exceptions. The facts of this case do not show the existence of any of the exceptions, and we are of the opinion that the trial judge erred in making the division of the property as set out above.
The judgment of the trial court is reversed, and there is now judgment in favor of Cecile Marion Ferdinand Hall and against Joseph Hall decreeing that the proceeds of the judgment recovered in Civil Action # 71-3175, U.S.District Court for the Eastern District of Louisiana is declared to belong to the community formerly existing between Joseph Hall and Cecile Hall to be equally divided subject to the agreements previously made and settlements of existing claims against the judgment.
Costs of these proceedings are assessed against Joseph Hall.
REVERSED.
SAMUEL, J., concurs.
SAMUEL, Judge, concurring.
I fully agree with the majority opinion and decree which, in my view, are mandated by Civil Code Articles 2334 and 2402. I concur only for the purpose of emphasizing what all three members of the panel feel, i. e., the result we reach is totally unfair and unjust and, as the matter is one which addresses itself to the legislature, that body should make appropriate corrections in the two Civil Code Articles.
Accordingly, I respectfully concur.