442 So.2d 870 (1983)
Mary Ann MEAD, Plaintiff-Appellant,
v.
Barry Dale MEAD, Defendant-Appellee. and
Barry Dale MEAD, Plaintiff-Appellee,
v.
Mary Ann MEAD, Defendant-Appellant.
Nos. 83-269, 83-270.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
*871 Ford & Nugent, Howard N. Nugent, Jr., Alexandria, for plaintiff-appellant.
Neblett, Beard & Arsenault, Richard W. Beard, Alexandria, for defendant-appellee.
Before CUTRER, DOUCET and LABORDE, JJ.
LABORDE, Judge.
Mary Ann Mead (plaintiff) instituted suit against Barry Dale Mead (defendant) for separation from bed and board. Defendant, in a separate action as plaintiff, subsequently filed suit for divorce. These actions were consolidated for trial. After hearing both actions, the trial court granted the wife a separation on grounds of abandonment and the husband a divorce upon a showing that the parties had lived separate and apart in excess of one year. Plaintiff, Mary Ann Mead, appeals the portion of the trial court judgment dismissing her purported community property interest in the proceeds of a worker's compensation settlement received by defendant, Barry Dale Mead, resulting from a personal injury sustained on his job three months prior to dissolution of the community. We are presented with determining whether the funds are separate or community property of the former community. The trial court held that the proceeds were the separate property of defendant, Barry Dale Mead. We affirm.
The facts establish that plaintiff, Mary Ann Mead, and defendant, Barry Dale Mead, were married on January 19, 1977 *872 and one child was born of the marriage. The parties physically separated on November 22, 1978 and failed to reconcile. On December 7, 1979 defendant was accidently electrocuted while in the course of his employment and sustained severe physical injuries. Plaintiff then filed suit for separation on February 29, 1980 alleging that defendant abandoned her. The trial court granted the plaintiff a restraining order enjoining defendant from alienating or encumbering any and all community property. Defendant, subsequently filed an action on March 4, 1980, as plaintiff, for absolute divorce. The cases were consolidated for decision.
On May 13, 1982 defendant received $285,000 in the form of a worker's compensation compromise settlement from his employer. Defendant's attorney then paid out all of defendant's related bills and turned the net proceeds over to defendant who in turn gave $10,000 to plaintiff. Plaintiff then convoked a rule nisi to have defendant show cause why he and his attorney should not be held in contempt of court for violating the restraining order enjoining defendant from alienating community property. The trial court held that neither defendant nor his attorney violated the restraining order since plaintiff had no right, of a community nature, in defendant's settlement funds. Subsequently, a separation and divorce was granted as prayed for in the respective petitions, except that the settlement proceeds were held to be the separate property of defendant.
Plaintiff relies on five assignments of error to raise the issue as to whether defendant's compensation settlement is community or separate property and whether she is entitled to a one-half community interest therein.
Assignment # 1
On the morning of trial, counsel for defendant filed an "amended answer to amending petition" over plaintiff's objection. Defendant asserted in the amended answer that the $10,000, which he gave to plaintiff on May 14, 1982, was a compromise which extinguished any interest that plaintiff may have had in the compensation settlement. Plaintiff objected when the trial court received defendant's amended answer, contending that the purported amendment was supplemental in nature and that notice of such supplemental allegations on the morning before trial was unreasonable.
The general rule concerning this issue is that the trial court has much discretion in allowing or refusing an amendment after an answer is filed and such ruling will not be disturbed unless there has been an abuse of discretion. Independent, Inc. v. Watson, 394 So.2d 710 (La.App. 3rd Cir. 1981). In the instant case, plaintiff personally received $10,000 representing the alleged compromise and her attorney was well aware of the facts surrounding the allegations in the amending answer. The same defenses were discussed previously at the hearing on the contempt rule and at pre-trial conference prior to trial. The trial court found that the amended answer did not raise any new issues nor could it in any way cause surprise or do injustice. We agree. Therefore, the trial judge did not abuse his discretion in allowing the amended answer. This assignment is without merit.
Assignments # 3, 4, and 5
The particular issue presented by these assignments is whether the husband's personal injury settlement constitutes separate or community property since the injury occurred prior to dissolution of the community regime.
Prior to January 1, 1980, personal injury awards inuring to the husband were deemed community property, whereas in similar instances involving the wife, the same was deemed her separate property.[1] In West v. Ortego, 325 So.2d 242 (La.1975) the Louisiana Supreme Court considered this former legislation with reference to a husband's recovery of workmen's compensation benefits. The court concluded that LSA-C.C. articles 2334 and 2402, now repealed, *873 were not enacted in contemplation of the issue at hand and resorted to equity, i.e., "to natural law and reason ..." to resolve the case. The court reasoned:
"Applying the foregoing principles, we conclude that where a husband's settlement monies, acquired after dissolution of the community, but based upon a pre-dissolution, accident-related cause of action, compensate for both pre-dissolution and post-dissolution losses, that portion of the settlement which compensates for post-dissolution losses falls into the separate estate of the husband.
Ascertaining the post-dissolution portion of the settlement in the case at hand is quite simple in view of the fact that the bulk of the prospective compensation settlement represents weekly fixed sums. Ascertaining the respective portions of a non-workmen's compensation personal injury settlement (or jury verdict, for that matter), while not quite as simple, is nonetheless possible."
In the instant case, the trial court concluded that the defendant's personal injury settlement was his separate property by virtue of the newly enacted LSA-C.C. art. 2344 which provides:
"Damages due to personal injuries sustained during the existence of the community by a spouse are separate property.

Nevertheless, the portion of the damages attributable to expenses incurred by the community as a result of the injury, or in compensation of the loss of community earnings, is community property. If the community regime is terminated otherwise than by the death of the injured spouse, the portion of the damages attributable to the loss of earnings that would have accrued after termination of the community property regime is the separate property of the injured spouse." (Emphasis Added)
Since the injury giving rise to these proceeds occurred prior to this enactment, plaintiff contends that the former LSA-C.C. articles 2334 and 2401 govern the proceeds, thereby making the settlement proceeds community property. We disagree. Even considering the issue in light of the former articles we find as the Supreme Court did in West, supra, that when a settlement is made after dissolution arising from a pre-dissolution injury, an accounting is due to the wife for only that portion of the settlement attributable to the time when the community existed. That portion attributable to the post-marital period is the separate property of the husband. West v. Ortego, supra; Placide v. Placide, 408 So.2d 330 (La.App. 3rd Cir.1981). This results in the same objective intended by the newly enacted and current LSA-C.C. art. 2433. In Loyola Law Review, Volume 26 at 485, Professor Janet Mary Riley comments:
"Wives lose again in the new Act's Characterization of `damages due to personal injuries.' LSA-C.C. art. 2344. Former Civil Code articles made such damages received by a wife her separate property, yet those received by a husband were community property. LSA-C.C. 2334 and 2402 (both repealed 1979). Recent decisions have softened the harshness of these rules in cases of separation or divorce following the injury, but have not solved the problem in all situations. West v. Ortego, 325 So.2d 242 (La.1975). See also Broussard v. Broussard, 340 So.2d 1309 (La.1976). New Article 2344 provides: ..." (Emphasis Added)
The recent decision referred to by Professor Riley in the comment above is precisely the type of case which plaintiff appeals. Therefore, we find that whether we treat defendant's compensation settlement under the old or new laws, the result will be the same. The settlement is the separate property of the husband, less and subject to, an equitable apportionment for community loss from the date of the injury to the date of dissolution. The community of Barry Dale Mead and Mary Ann Mead was dissolved effectively on February 29, 1980, the date plaintiff filed for separation. Since the injury to defendant occurred on December 7, 1979, plaintiff is entitled to *874 expenses and compensation for the loss of community earnings for approximately three months. Plaintiff argues that there is no rational basis to apportion defendant's settlement into a portion which is community and a portion which is defendant's separate property. Therefore, it should be presumed community in toto. We disagree. In Placide v. Placide, supra, the jury returned a verdict in favor of the husband for a substantial amount following an injury which occurred prior to dissolution of his marriage. The verdict did not apportion the recovery and the wife argued that the proceeds were therefore community property. In Placide, supra, we stated:
"The case of West v. Ortego, supra, dictates that we resort to equity to apportion monies acquired after dissolution of the community for damages awarded in compensation for an accident which occurred before the dissolution of the community when the award covers both pre-dissolution and post-dissolution losses. We find that there is sufficient evidence before us to permit an equitable apportionment of the damages awarded to appellant."
Despite the fact that there is nothing in the record to aid us in determining the exact amount of community earnings lost during the three month period, we find that Mary Ann Mead did receive $10,000 from defendant following his recovery of the settlement proceeds. In accord with the trial court, we hold that this amount exceeds by far any amount or equitable apportionment reasonably due plaintiff for losses to the community during the three month period.
With respect to the trial court's reasons for judgment concerning the constitutionality of the former gender-based statutes, we acknowledge that the former LSA-C.C. art. 2334 poses serious constitutional issues involving equal protection. However, the portion of West v. Ortego, supra, pertaining to the equitable apportionment of a husband's pre-dissolution injury settlement remains controlling in cases of this instance. The failure of defendant to specifically plead the unconstitutionality of the former code articles precludes us from considering the issue on appeal. Schwegmann Brothers Giant Super Markets v. Louisiana Milk Commission, 290 So.2d 312 (La.1974). Nevertheless, we find ample authority to resolve this issue in favor of the defendant.
Accordingly, defendant and his counsel cannot be held in contempt of court for violating the restraining order enjoining them from alienating community property. The trial court properly declared the settlement proceeds to be defendant's separate property and plaintiff is not entitled to a community interest therein. Assignments 3, 4 and 5 are therefore without merit.
Assignment # 2
The trial court excluded evidence of former testimony of Barry Mead, his attorney and Mary Mead, taken at a hearing on the contempt rule on June 7, 1982. The trial judge excluded this evidence on the basis of irrelevancy. The testimony concerned the issue of contempt for violation of an injunction enjoining Barry Dale Mead from alienating or encumbering the community property.
Since the testimony tends to prove or disprove the status of the settlement proceeds as either community or separate, we hold that the trial court erroneously excluded the evidence on the basis of irrelevancy.
Nevertheless, we do not find that this incorrect ruling constitutes reversible error.
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] See former LSA-C.C. articles 2334 and 2402. (Repealed, Acts 1979, No. 709.)