685 So.2d 673 (1996)
Patricia A. MORRIS, Plaintiff-Appellee,
v.
Caszell MORRIS, Defendant-Appellant.
No. 96-788.
Court of Appeal of Louisiana, Third Circuit.
December 26, 1996.
Writ Denied March 14, 1997.
Larry A. Roach, Jr., Lake Charles, for Patricia Morris.
*674 Preston Miller Summers, Abbeville, for Cazell Morris.
Before THIBODEAUX, SAUNDERS and DECUIR, JJ.
SAUNDERS, Judge.
On June 14, 1995, Patricia Morris filed for a partition of the community property formerly owned by herself and her ex-husband, Caszell Morris. The trial judge decided, inter alia, that a $40,000.00 settlement received by Mr. Morris for damages constituted community property, one-half of which belonged to plaintiff/appellee, Patricia Morris. The trial judge also concluded that a separate settlement received by Mrs. Morris in the amount of $35,000.00 for compensatory damages was in fact her separate property. From this judgment, defendant/appellant appeals these conclusions, which we affirm.

CLASSIFICATION OF PUNITIVE DAMAGES
La.Civ.Code art. 2340 provides the following: "Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate." The burden of overcoming the community presumption falls upon the party who asserts that the disputed property is separate. To meet the burden, the party is generally required to present proof that is clear, positive and legally certain that the property was separate and not community. Hebert v. Hebert, 94-864 (La.App. 3 Cir. 2/15/95); 650 So.2d 436.
Our first question is whether a punitive damages award constitutes separate or community property. This issue is apparently res nova in Louisiana. The defendant, Mr. Morris, contends that the trial judge erred in finding that his punitive damage award constituted community property. Initially, he argues that by its very nature the punitive damages awarded him constitutes his separate property under the same rationale and authority that would govern a compensable damages award arising from a delictual obligation. Alternatively, he contends that they are his separate property because the funds received in settlement for his tort action were received after dissolution of the couple's marital community.
In support of his arguments, appellant relies on the case of West v. Ortego, 325 So.2d 242 (La.1975). West provided an equitable formula for classifying and distributing funds received after dissolution of the community, in settlement of a predissolution accidentrelated cause of action.
The case of West v. Ortego, supra, dictates that we resort to equity to apportion monies acquired after dissolution of the community for damages awarded in compensation for an accident which occurred before the dissolution of the community when the award covers both pre-dissolution and post dissolution losses.
Placide v. Placide, 408 So.2d 330, 333 (La. App. 3 Cir.1981).
In Placide v. Placide, 408 So.2d 330 (La. App. 3 Cir.1981), we allocated to the community that portion of a husband's compensatory damages associated with his partial loss of sexual function which affected the community, i.e., that portion of the award allocated for his losses coinciding with his marriage, but characterized as the husband's separate property those damages to which the community had no claim. On essentially the same basis, the Supreme Court in West apportioned a husband's workers' compensation benefits along the lines of the marital divide:
While a husband and wife are living together and the community is still in existence, it is reasonable to designate these damages as community property. However, when the community has been terminated, it is both unreasonable and inequitable to deprive the husband of funds which are to sustain him into the future, or compensate him for future pain, suffering and disability merely because the law has required assertion of all such damages as part of a single claim.
West v. Ortego, 325 So.2d at 246.
The reasoning of West and Placide have since been incorporated (or, at least, not repudiated) by the legislature in Civil Code *675 art. 2344, which apportions compensatory damages as follows:
Damages due to personal injuries sustained during the existence of the community by a spouse are separate property.
Nevertheless, the portion of the damages attributable to expenses incurred by the community as a result of the injury, or in compensation of the loss of community earnings, is community property. If the community regime is terminated otherwise than by the death of the injured spouse, the portion of the damages attributable to the loss of earnings that would have accrued after termination of the community property regime is the separate property of the injured spouse.
However, we conclude that the authority cited by Mr. Morris does not control, for here we are not concerned with compensatory damages for which the West and Placide rationale is applied, but with punitive or exemplary damages received.
Additionally, we conclude that Louisiana Civil Code article 2344 is not applicable here for the simple reason that the damages Mr. Morris received were not damages due to his personal injuries, but rather constituted society's sanctions against a tortfeasor's inexcusable conduct. As the Louisiana Supreme Court has had occasion to observe:
[T]he purpose of Article 2315.3 is threefold: (1) to penalize and punish defendants for engaging in wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances that causes injury to others; (2) to deter the tortfeasors and others who might follow their example from exposing the public to dangers of that kind in the future; and (3) to provide victims injured by such conduct with the incentive to act as the prosecutors of penal laws against such wrongdoers. Article 2315.3 is not designed to repair the injuries of tort victims.
Billiot v. B.P. Oil Co., 645 So.2d at 612.
This distinction is significant, for while damages due to personal injuries generally constitute the separate property of the spouse, La.Civ.Code art 2344, "punitive damages are sums awarded apart from any compensatory or nominal damages...." Billiot v. B.P. Oil, 93-1118 (La.1994); 645 So.2d 604, 612.
Rather, we conclude that the answer may be found elsewhere, in La.Civ.Code art. 2338, most commonly referred to as the "omnibus clause," which clearly states that "community property comprises: all other property not classified by law as separate property." Accordingly, Mr. Morris, in order to overcome the presumption set forth in La.Civ.Code art 2340 and encompass the receipt of punitive damages as his separate property, would have to fit the property at issue into one of the following articles classifying property as separate in nature: La.Civ.Code art. 2341, La.Civ.Code art. 2341.1, La.Civ.Code art. 2342, La.Civ.Code art. 2343, or La.Civ.Code art. 2344.
Inasmuch as none of these articles can be said to classify punitive damages as separate property, we affirm the trial judge's finding that the punitive damages settlement received by Mr. Morris constituted community property to which Mrs. Morris is entitled to her one-half interest.

CLASSIFICATION OF DAMAGES
Next, Mr. Morris contends that he is entitled to a share of the $35,000.00 proceeds of an automobile accident Mrs. Morris received from Allstate Insurance Company. Specifically, he urges that the funds should have been apportioned on a pre-dissolution and post dissolution basis.
Clearly, La.Civ.Code art. 2344 speaks to the issue presented:
As stated above, damages, due to personal injuries sustained during the existence of a community by a spouse are separate property of that spouse. While the portion of damages attributable to loss of earnings that would have accrued after termination of the community are the separate property of the injured spouse, the portion of the damage award attributable to expenses incurred by the community as a result of the injury, or in compensation of the loss of community earnings, is community property. LSA-C.C. art. 2344. *676 Fountain v. Fountain, 93-2176 (La.App. 1 Cir. 10/7/94); 644 So.2d 733, 741.
Thus, there is no question that an award of damages can be classified as both community and separate property. However, without sufficient evidence to permit an equitable apportionment of the damages, i.e., proof that a portion of the damage award is attributable to expenses incurred by the community (medical expenses), or the payment was for loss of community earnings, the court is unable to adequately do so. See Fountain v. Fountain, CA 93-2176 (La.App. 1 Cir. 10/7/94); 644 So.2d 733.
As recognized by the trial judge, only two documents were presented at trial which spoke to the nature of the damages compensated by Allstate Insurance Company. The first was a "Receipt and Release," in which Mrs. Morris agreed to discharge:
"Allstate Insurance Company from all medical expenses and pecuniary losses, liability, penalties and attorney's fees and any and all claims of compensatory and exemplary damages, past, present and future arising out of or in any connected with the asserted property damage and/or bodily injuries and/or aggravation of bodily injuries and/or medical injuries, sustained by appearer as a result thereof ..."
The second document filed, with the trial memorandum presented by Mrs. Morris' attorney, included Mrs. Morris' income records for 1990 and 1991.
After considering all of the evidence, the trial judge held in Mrs. Morris' favor, noting that "while the testimony of Mrs. Morris is self serving and obviously designed to produce the best result for the witness, it is corroborated and essentially uncontradicted and is the only evidence the court has as to the nature of the funds received from that lawsuit."
Our review of the record leads us to agree with the trial court's finding that Mrs. Morris was successful in overcoming the presumption set forth in La.Civ.Code art. 2340 to establish that the funds she received from Allstate in fact constituted her separate property.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed, with costs assessed to the defendant/appellant, Mr. Caszell Morris.
AFFIRMED.