JONES, Judge.
Plaintiff appeals from a judgment awarding $4,923 in liquidation of her one-half of the community interest in her former husband’s claim based upon injuries received while at work. We affirm.
During his marriage to plaintiff defendant was injured while on the job. Plaintiff and defendant subsequently obtained a judicial separation while defendant’s suit against his employer was pending. Defendant settled the suit prior to judgment for $50,000, of which he received $28,838.89 after payment of costs and attorney’s fees. Plaintiff filed this suit for an accounting of her community interest in the proceeds received. The case was submitted to the trial court on depositions and stipulations.
The trial court found plaintiff and defendant lived in community for 18 months following the accident, and plaintiff was precluded from working for 15 of those months. Since the parties stipulated plaintiff’s salary at the time of the accident was $15,000 per year, the trial court found $16,-410[1] of the settlement was for lost wages. Reducing this by a pro rata amount of 40% attorney’s fees incurred in obtaining this settlement, the amount of the community interest in the settlement was $9,846, which results in $4,923 attributable to plaintiff’s interest. The trial court held plaintiff did not present sufficient facts for the court to find any other portion of the settlement received by defendant was attributable to a claim of the former community.
The Louisiana Supreme Court recently clarified the jurisprudence in this area. In West v. Ortego, 325 So.2d 242 (La.1975), the court stated:
*1014 “ * * * [W]here a husband’s settlement monies, acquired after dissolution of the community, but based upon a pre-dissolution, accident-related cause of action, compensate for both pre-dissolution and post-dissolution losses, that portion of the settlement which compensates for post-dissolution losses falls into the separate estate of the husband.” Id. pp. 248, 249.
The court below, relying on West v. Ortego,[2] found plaintiff did not establish that any of the settlement funds received by defendant, other than a sum which could be considered as settlement for “pre-dissolution” wages, was community property. Based upon the scant evidence in the record, such a finding is not manifestly erroneous.
For the foregoing reasons the judgment of the trial court is affirmed, appellant to pay all costs.
Affirmed.

. Fifteen months at a yearly salary of $15,000 is $18,750. Reducing this by the workmen’s compensation paid to defendant, $2,340, leaves a remainder of $16,410 as salary lost because of this accident. The trial court did not attempt to prorate the costs that were incurred in connection with the settlement.

. West calculated community interest on weekly amount received in compensation — not salary. Because there are so few facts established in this record it cannot be ascertained what elements of damages were included in the settlement. The payment of 40% attorney’s fees establishes the settlement was not based upon the Louisiana Workmen’s Compensation Law. - It is immaterial whether the award is excessive since the husband neither appealed nor answered the wife’s appeal.